FRANK M. GRAY, *Appellee,* V. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

No. 18,058.

SYLLABUS BY THE COURT.

ACTION—*Attorney Fee—Facts Must be Pleaded—Value of Services Proven.* In an action in which it is sought to recover attorneys' fees for the prosecution thereof the necessary facts should be pleaded, and when a jury trial is had evidence should be produced of the fact and of the value of the services and the issue should be determined by the jury as other issues in the case are determined.

Appeal from Rice district court. Opinion filed April 12, 1913. Modified.

---

* NOTE.—This case was not officially reported (62 Kan. 869, 64 Pac. 1113) when the opinion was filed and is reported here because it is cited in the case of *Bank v. Sadler,* ante, p. 321.

*W. P. Waggener,* and *J. M. Challiss,* both of Atchison, for the appellant.

*Samuel Jones, C. F. Foley, O. E. Hopkins,* all of Lyons, and *Ben Jones,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought against the appellant to recover damages for the burning of a barn belonging to appellee and certain personal property alleged to have been contained therein by the alleged negligence of the appellant in operating its train.

The answer was a general denial and a defense upon the modernity and sufficiency of its approved spark-arresting appliances, the competency and skill of its employees in charge of its engine, and the care exercised by them in handling the engine at the time in question.

The barn was in Geneseo, north of the switch tracks of appellant. The evidence shows that appellant's train came into the station; that a part of the cars were detached from the engine, and that three or four switches of cars were made, running from the depot past the barn and back; that these three or four switches were made in about five minutes' time, and the estimate of the distance run at each switch justified the finding that the switch engine was moving rapidly. There was a strong wind blowing from the south at the time. The barn was observed to be burning almost immediately after the switches were made, and no other explanation or accounting for the fire is suggested except that it was caused by sparks or cinders from the engine.

There was evidence from several of the railroad men that the spark-arresting apparatus was of the most modern device, properly adjusted and in perfect condition; also, that the engine under these conditions would not throw off sparks or cinders if properly operated.

The appellant offered as a witness its fireman, Miller, who testified, in substance, that he was familiar with the operation of locomotive engines and could run one; that he knew what was necessary to be done in the operation thereof and was thoroughly familiar with that line of business. This evidence was offered for the purpose of qualifying the witness as an expert to testify that the engineer was competent, careful and skillful. The objection was made that the evidence of the fireman did not show that he was competent as an expert witness. The objection was sustained. If erroneous, the ruling was not prejudicial.

The following question was submitted to the jury:

"Were the persons in charge of the operation of said engine skillful and prudent persons to discharge the duties they were then engaged in? A. Skillful but not prudent."

There was evidence not only that the barn was burned by a fire started about the time of the switching operations but that the grass was ignited in one or more places near the track and barn. There was abundant evidence, also, of other witnesses that the engine did throw sparks and cinders. And as the evidence of the operatives of the railroad was that the engine could not throw sparks or cinders if properly operated, the jury, evidently believing that the engine caused the fire, concluded, and answered in response to a question, that the fire was caused by the imprudent handling of the engine; that it was operated too fast in making the switches. We think the evidence fully justified the conclusion, and also justified their general verdict against the appellant. No objection is raised to the amount of the verdict.

The petition alleged that it was necessary for the plaintiff to employ counsel to conduct his case, and that the reasonable value of such services was $500, for which amount he prayed judgment. The general verdict was for $4613, but no verdict was returned in

regard to the attorneys' fees and no evidence was produced to the jury nor to the court at the time it rendered judgment as to the value of the attorneys' fees.

Appellant filed a motion for judgment in its favor, notwithstanding the verdict, which motion was overruled. The motion for a new trial was also overruled and judgment was rendered for the appellee in accordance with the general verdict.

The journal entry of the proceeding recites the further action of the court, as follows:

"And the court further finds that a reasonable attorneys' fee in this cause is the sum of four hundred ($400) dollars.

"It is therefore by the court ordered, adjudged and decreed that the plaintiff have and recover of and from the defendant the sum of four hundred ($400) dollars as his attorneys' fees in this matter, to which judgment for attorneys' fees, the defendant duly objected and excepted."

In this there was error. The amount of attorneys' fees, if any, to which a plaintiff is entitled in such a case is a question for the determination of the jury, to be tried by the jury as other questions of fact in the case are tried.

In *Mo. Pac. Rly. Co. v. Merrill,* 40 Kan. 404, 19 Pac. 793, it was said:

"The question, what was a reasonable attorney's fee was properly submitted to the jury. It is true, the statute provides that the court shall allow a reasonable attorney's fee, which shall become a part of the judgment. The word 'court,' however, was doubtless used by the legislature in the broader sense as including both judge and jury or judge alone, according as the court may be constituted when the trial occurs. What is a reasonable attorney's fee is a question of fact, which should be submitted and determined the same as any other fact arising in the case." (p. 409.)

(See, also, *Ft. S. W. & W. Rld. Co. v. Karracker,* 46 Kan. 511, 26 Pac. 1027; *Ft. S. W. & W. Rly. Co. v. Tubbs,* 47 Kan. 630, 28 Pac. 612.)

We have considered all of the trial questions presented and think there was no substantial error in the trial of the case, and the general verdict and judgment based thereon is affirmed. The appellant duly objected to the rendition of judgment for attorneys' fees, and the court, in mistake of the law, rendered judgment therefor.

The judgment is modified and the amount therein adjudged for attorneys' fees is eliminated. The case is remanded for a new trial upon the sole question of attorneys' fees, to be had to the court and a jury, unless counsel for the parties shall agree upon a different adjustment thereof.