Blount v. Building & Loan Association.

No. 19,831.

EARL E. BLOUNT, *Appellee*, v. THE AETNA BUILDING & LOAN ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

1. MORTGAGE—*Satisfaction—Special Contract—Expense of Recording Release Payable by Mortgagor—Contract Valid.* Notwithstanding the provisions of section 5202 of the General Statutes of 1909, which requires that when a mortgage on real estate has been paid the mortgagee or his assignee shall cause satisfaction thereof to be entered of record "without charge," the parties may bind themselves by an agreement that the mortgagee shall execute and deliver a release when the mortgage is paid, which shall be recorded at the expense of the mortgagor.

2. SAME—*Expense of Recording Release—Special Contract—Question for Jury.* In an action by the grantee of the mortgagor to recover the statutory penalty, the mortgagee interposed as a defense an agreement between the parties to the mortgage that the cost of recording the release should be paid by the mortgagor and that a release had been executed and delivered to him when the mortgage was paid. Evidence was offered in support of the further defense that the correspondence between the plaintiff and the defendant misled the latter as to the particular mortgage the plaintiff desired released. *Held*, it was error to take the case from the jury and to render judgment for the plaintiff.

3. SAME—*Amount of Attorney's Fee—Question for Jury.* It was error for the court to refuse to submit to a jury the question of the amount of attorney's fees in such an action.

Appeal from Montgomery district court; THOMAS J. FLANNELY, judge. Opinion filed January 8, 1916. Reversed.

*L. S. Ferry, T. F. Doran, J. S. Dean,* all of Topeka, and *O. L. O'Brien,* of Independence, for the appellant.

*A. R. Lamb,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment against defendant for $100 penalty for failure to release a mortgage on real estate and for $50 attorney's fees in the action.

The real estate covered by the mortgage consists of two residence lots in the city of Coffeyville which belonged formerly to J. W. and Mary Blount, and upon which the defendant at

different times made building loans. The first of these loans, which covered but one of the lots, was made in 1898 and was paid at maturity. On March 29, 1905, the defendant made another loan covering both lots, which was paid in April, 1913. Subsequently, on October 27, 1913, J. W. and Mary Blount conveyed the property to the plaintiff, who is their son. The petition alleged that on October 28, 1913, the plaintiff, through his attorney, sent the defendant a registered letter requesting that the mortgage made in March, 1905, be released of record, but that defendant had failed to comply with the request within thirty days. The petition prayed for the statutory penalty and attorney's fees.

The answer contained a general denial, but alleged that the mortgage referred to in the petition was given to secure a loan made upon the written application of J. W. and Mary Blount in which they agreed as part of the consideration of the loan that in case the mortgage was paid before their stock in the association matured, they would pay for filing the release of the mortgage, and that in fact the mortgage was paid before the maturity of their stock. The answer also set out a copy of a second letter received by the defendant from plaintiff's attorney, dated November 8, 1913, which it was alleged led the defendant to understand and believe that the only mortgage plaintiff desired released was the one made in 1898, and in compliance with the request as defendant understood it a release had been at once executed and forwarded by mail to plaintiff, which he accepted without any request that defendant pay for recording the same.

At the trial plaintiff admitted that when the indebtedness secured by the mortgage was paid in April, 1913, defendant executed and delivered to his father a release, which his father handed to him October 27, 1913, when the title was conveyed to him, and that no demand was made on defendant to record a release until October 28, 1913. The letter of that date, after requesting information concerning an abstract of title to the property, concludes as follows:

"I also notice that the mortgage made by you on March 12th, 1898, . . . in the sum of four hundred dollars on lot six block four . . . has not been released of record although the same has been paid. Please have the same released of record. I also notice that your mortgage under

Blount v. Building & Loan Association.

date of March 29th, 1905, given by J. W. Blount and wife Mary A. Blount in the sum of four hundred dollars covering lots five and six, block four, Gaverick's addition to the city of Coffeyville, Kansas, has not been released of record. Please have this mortgage released of record."

On October 30 the defendant replied with a letter which, so far as it refers to the release, reads:

"In reply beg to advise that these mortgages were released by this association and the original mortgage and notes were sent out at the time the loan was paid, all the mortgages referred to in your letter have been released by this association and we presume the borrower has failed to record them. Under our contract for loan the cost of recording releases is borne by the borrower but we would be glad to execute such releases as are necessary to straighten their title upon receipt of the abstract for our assistance."

On November 8, 1913, plaintiff's attorney replied as follows:

"I herewith enclose the abstract to lot 6 block 4 Gaverick's Addition to Coffeyville, together with a satisfaction of mortgage to be executed by the secretary of the company in order that this abstract may be brought down to date and the title to this property cleared of record. *The mortgage that we wish released is shown on page nine of the abstract.* Please handle this matter as promptly as possible and return the abstract to me. Yours truly." (Italics ours.)

Four days later defendant returned the abstract together with a release of the mortgage specifically mentioned in the last letter of plaintiff's attorney. Soon after the expiration of thirty days from the date of the first demand plaintiff brought this action.

The statute provides that when any mortgage of real property has been paid it shall be the duty of the mortgagee or his assignee within thirty days after demand to cause satisfaction of such mortgage "to be entered of record without charge," and the statute further provides that any mortgagee or assignee who shall refuse or neglect to do so "shall be liable in damages to such mortgagor, or his grantee or heirs in the sum of one hundred dollars, together with a reasonable attorney's fee" (Gen. Stat. 1909, § 5202), which may be recovered in a civil action.

It appears that when the borrower received the release at or about the time the mortgage was paid in April, 1913, he accepted it with no question as to any duty resting upon defendant to record it or to advance the fee for recording it. On the contrary, he kept the release until October, when he

delivered it to the plaintiff along with the deed to the property. When the action was commenced plaintiff had it in his possession and according to the evidence could have recorded it at the trifling expense of thirty cents. The statute, as well as one providing a similar penalty for neglecting to release a chattel mortgage, has been declared penal. (*Thomas v. Reynolds,* 29 Kan. 304; *Parkhurst v. National Bank,* 53 Kan. 136, 35 Pac. 1116.) Being penal, it must of course be construed strictly. (27 Cyc. 1426.) This court has recognized certain conditions or limitations upon the strict and literal enforcement of its provisions. Thus, in the Parkhurst case, *supra,* an instruction was approved which charged the jury that if defendant in refusing to release any of the mortgages acted in good faith and upon an honest belief that the same had not been paid, plaintiff could not recover the penalty. In the opinion it was said:

"If the mortgagee refuses to satisfy the mortgage from mere inadvertence, inattention, or indifference, the penalty may be incurred. To be relieved from the penalty, there must be a real controversy as to payment, and an honest doubt concerning the same on the part of the mortgagee." (p. 138.)

From the pleadings and the letters written by the defendant to plaintiff's attorney, it can hardly be said that defendant was neglecting to satisfy the record through inadvertence, inattention, or indifference, or that it was not acting in good faith in the honest belief that under its contract with the borrowers its only duty in the premises was to execute and deliver to them a sufficient release, and that the expense of recording it should be borne by them. The trial court, however, at the conclusion of the evidence discharged the jury and decided as a matter of law that no defense to the action had been established. This was error which requires reversal. Moreover, there was evidence to warrant the submission to the jury of another defense raised by the answer. If the letters written by plaintiff's attorney are read together there is at least some ground for the inference that defendant was intentionally lulled into the belief that all plaintiff desired was the execution of a release of the old mortgage. The statute of limitations barred an action to recover a penalty for failure to record that release, and plain-

Blount v. Building & Loan Association.

tiff first obtained it and was satisfied to pay for recording it, and immediately sued to recover a penalty for failure to record the one to which the letter of November 8 makes no reference.

It is urged by the plaintiff that if such a contract existed as alleged in the answer it was necessarily void for the reason that it would conflict with the express conditions of the statute which require the release to be made by the mortgagee or his assignee "without charge." There is, however, nothing in the statute which prevents the parties from entering into a valid contract that upon satisfaction of the debt the mortgagee shall execute and deliver a release which the mortgagor shall be at the expense of recording. The evil sought to be remedied was obviously the neglect and refusal of mortgagees and their assignees to release mortgages which had been satisfied. While enacting the requirement the legislature also provided that the release should be without charge to the mortgagor, but it is not conceivable that the legislature would have passed the law and imposed the penalty for the failure alone to pay the slight charge of recording a release promptly executed and delivered. But in any view of the statute we can see no good reason why the parties may not bind themselves by an agreement such as the one relied upon here.

Complaint is made of the action of the court in refusing to submit to the jury the question of the amount of attorney's fees. Since a new trial must be ordered it may be said the complaint is well founded, and it has been held error to refuse to submit that question to the jury. (*Gray v. Railway Co.,* 89 Kan. 325, 131 Pac. 555.)

The judgment is reversed and a new trial ordered.