No. 23,572.

ANNA BIRD, *Appellee*, v. THE ÆTNA BUILDING & LOAN ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

1. MORTGAGE SATISFIED—*Refusal to Release—Evidence of Agency.* There was evidence sufficient to uphold a finding of agency to receive payment.

2. SAME—*Question of Fact for Jury.* It is not error to submit to a jury a question of fact, where evidence, which may be disbelieved, has been introduced to establish that fact, although there is no evidence to the contrary.

3. SAME—*Special Contract—Expense of Recording Release of Mortgage.* Under a contract between a mortgagor and a mortgagee that the mortgagor shall pay for releasing the mortgage if it is paid before maturity, it is the duty of the mortgagee to pay the fee for the release of the mortgage if that amount is paid or tendered to him by the mortgagor.

4. SAME—*Legal Fee for Recording Release of Mortgage.* Twenty-five cents is the legal fee to a register of deeds for recording a release of a real-estate mortgage where the release consists of only one folio and is indorsed on the original mortgage.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 11, 1922. Affirmed.

*C. D. Sharp*, of Kansas City, and *John D. Rogers*, of Topeka, for the appellant.

*Frank L. Bates*, of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action was commenced by the plaintiff under section 6471 of the General Statutes of 1915 to recover for the defendant's failure to release a mortgage on real property, the statutory damages of $100 and an attorney's fee of $50. Judgment was rendered in favor of the plaintiff for $100 damages and $50 attorney's fee, and the defendant appeals.

There was evidence which tended to prove the following facts: The plaintiff became the owner of real property that was mortgaged to the defendant. C. D. Sharp, an attorney at law, was the agent of the defendant in Kansas City, Kan. The mortgage was paid before maturity; a release was indorsed on it; and it was sent by the defendant to C. D. Sharp to be delivered to the plaintiff. Sharp left his office and instructed Nellie Ryan, his stenographer, to deliver the released mortgage to the plaintiff when the latter called for it. The husband of the plaintiff went to Sharp's office to get the mortgage. Nellie Ryan handed it to him and told him to take it to the office of the register of deeds, to pay twenty-five cents, and to have the release recorded. He tendered to her twenty-five cents to pay for recording the release, but she refused to accept it. The application for the loan provided that if the mortgage were paid before maturity, the mortgagor should pay for releasing it. The mortgage remained in the possession of C. D. Sharp; demand was made for its release; it was not released; and after the expiration of sixty days, this action was commenced.

1. The principal question argued concerns the authority of Nellie Ryan to act as agent for the defendant to receive twenty-five cents to pay for recording the release of the mortgage. C. D. Sharp, who represented the defendant on the trial of this action in the district court, in his trial statement to the jury, said:

"The evidence will further be that I have a stenographer in the office by the name of Nellie Ryan, a little Catholic girl, that came to me about seven or eight years ago, and has been my stenographer ever since, and handles all of that detail work of these payments, and taking in payments, and bookkeeping, and all that. I hardly ever have very much to do with it.

"Now, that little lady will take the stand, and she will tell you gentlemen that these papers did come from Topeka, satisfied, and instructions to deliver them to this lady. That either this lady or her husband came to get the papers, and Nellie Ryan handed them to her. I will further state that mail first comes to my desk; that I took it out and gave it to Nellie and told her when these people come in, to give them their papers."

The evidence and trial statement were sufficient to warrant the jury in finding that Nellie Ryan had authority to receive the twenty-five cénts to pay for recording the release and that the tender of that amount to her was a tender to the defendant. The evidence was also sufficient to justify the court in submitting these questions to the jury under proper instructions.

2. The court gave the following instruction:

"If you find from the preponderance of the evidence that the original mortgagor named in said mortgage agreed in the written application for said loan covered by said mortgage, to pay the fee for the release of said mortgage of record if it was satisfied before maturity, and that neither said mortgagor nor plaintiff paid or tendered said fee of twenty-five cents to the defendant for releasing said mortgage of record, it will be your duty to find in favor of the defendant."

The defendant argues that it was error for the court to submit to the jury the question of whether the application of the mortgagor provided that he should pay for the release of the mortgage if it were paid before maturity; that the evidence was clear, convincing, and undisputed that the original mortgagor agreed to pay for releasing the mortgage under the circumstances named; and that the instruction submitted an established fact to the jury for consideration. The defendant's evidence clearly tended to establish that fact, but it was not admitted by the plaintiff, and the jury might not have believed that evidence. It was not error to submit the question to the jury.

3. Complaint is made of an instruction concerning the tender of the twenty-five cents. The court in substance instructed the jury that if the plaintiff tendered the twenty-five cents to pay for recording the release on the mortgage and the defendant failed to release it for sixty days after tender and demand, the verdict should be for the plaintiff. The defendant's argument is that it was the duty of the plaintiff to take the mortgage, have the release recorded, and pay the fee therefor. The statute governing the releasing of paid mortgages, section 6471 of the General Statutes of 1915, which so far as this action is concerned is the same as section 5202 of the General Statutes of 1909, in part reads:

"When any mortgage of real estate shall be paid . . . it shall be the duty of the mortgagee . . . to enter satisfaction or cause satisfaction of such mortgage to be entered of record without charge."

This court has said that—

"Parties may bind themselves by an agreement that the mortgagee shall

execute and deliver a release when the mortgage is paid, which shall be recorded at the expense of the mortgagor." (*Blount v. Building & Loan Association*, 97 Kan. 77, Syl. ¶ 1, 154 Pac. 222.)

The application as shown by the defendant's evidence, provided that the plaintiff should pay the expense of releasing the mortgage if it should be paid before maturity, a proposition different from that contended for by the defendant. The evidence tended to prove that the plaintiff offered to pay for recording the release and tendered to the defendant the amount of money necessary for that purpose. The jury, by its general verdict, found that payment for recording the release had been tendered. It followed that it was the duty of the defendant to record the release. The instruction concerning the tender was correct.

4. The defendant insists that the tender of twenty-five cents was not sufficient; that thirty cents should have been tendered, five cents to pay for entering the release of the mortgage on the transfer record and twenty-five cents for recording the release. Neither mortgages nor releases of mortgages are entered on the transfer record. The statute (Gen. Stat. 1915, § 4720) provides that the fee for releasing a mortgage, when indorsed on the original, shall be twenty-five cents for the first folio. The release was indorsed on the mortgage, and it does not appear that there was more than one folio. The amount tendered was sufficient.

Other matters are presented. They have been examined. There is no prejudicial error in any of them.

The judgment is affirmed.