No. 27,951.

The Kansas Wheat Growers Association, *Appellant,* v. Clyde Rowan, *Appellee.*

(266 Pac. 104.)

SYLLABUS BY THE COURT.

1. Corporations—*Scope of Corporate Power—Notice of Persons Dealing With Corporation.* Every person dealing with a corporation is bound to take notice of the power possessed by such corporation and of the purposes for which it was created. (*Scott v. Bankers Union,* 73 Kan. 575, 85 Pac. 604.)

2. Agriculture—*Marketing Associations—Breach of Marketing Agreement—Ratification of Fraudulent Contract.* In an action by the Kansas Wheat Growers Association to recover damages for breach of a marketing agreement, the record considered, and *held,* a defense of fraud and misrepresentation in procuring the contract was unavailing because the defendant was bound to take notice of the limitations of the corporation's power and because the contract was by the acts of the defendant ratified and acquiesced in.

3. Same—*Breach of Marketing Agreement—Recovery of Attorney Fees.* And further, attorney's fees earned by the plaintiff under its contract with defendant are recoverable only in a court having original jurisdiction of contractual obligations.

Appeal from Sedgwick district court; Isaac N. Williams, judge. Opinion filed April 7, 1928. Reversed.

T. A. *Noftzger, George W. Cox, W. J. Masemore, R. L. NeSmith* and *J. L. Weigand,* all of Wichita, for the appellant.

E. L. *Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: This action is similar in many respects to *Wheat Growers Ass'n v. Rowan,* post, p. 710. Substantially the same misrepresentations were alleged and proved and the court's findings in effect the same. Some additional matters in this case require discussion, but what is said in the former case with reference to the right of the defendant to depend upon the alleged misrepresentations is controlling here.

Contracts, 13 C. J. p. 624 n. 2. Corporations, 14a C. J. p. 587 n. 18; 7 R. C. L. 531. Costs, 15 C. J. p. 116 n. 1. Fraud, 26 C. J. p. 1210 n. 16. Monopolies and Combinations, 33 A. L. R. 256; 47 A. L. R. 951; 19 R. C. L. 1111.

In this case, defendant's application for membership was executed December 29, 1921. On November 6, 1924, he executed a proxy which reads:

"That the undersigned, member or members of the Kansas Wheat Growers Association, does, or do, hereby constitute and appoint C. O. Trower, attorneys, or attorney, of the undersigned, with power of substitution to each, for and in the name of the undersigned to vote at the special meeting of the members of said association to be held at its office in Wichita, Kan., on Thursday, the sixth day of November, 1924, and on such other day and at such other place as the meeting may thereafter be held, by adjournment or otherwise, with all the powers the undersigned would possess if personally present. A majority of said attorneys as shall be present and shall act at the meeting (or if only one shall be present and act, then that one) shall have and may exercise all the powers of the said attorneys thereunder."

The record does not disclose that the proxy was actually used and voted, but the fact that the defendant, almost three years after joining the plaintiff association, executed the proxy, shows beyond question that he still claimed rights and benefits under and by virtue of his membership in the association. He thereby acknowledged his obligations to the association and waived any right he might have had at that late date to rescind the contract. (*Wheat Growers Ass'n v. Rowan,* 123 Kan. 169, 254 Pac. 326; *Wheat Growers Ass'n v. Oden,* 124 Kan. 179, 257 Pac. 975, and cases cited.)

The plaintiff contends that there should be an allowance of attorney's fees to be fixed by the court. The statute provides:

"The by-laws and the marketing contract may fix as liquidated damages specific sums to be paid by the member or stockholder to the association upon the breach by him of any provision of the marketing contract regarding the sale or delivery or withholding the products, and may further provide that the member will pay all costs, premiums for bonds, expenses, and fees in case any action is brought upon the contract by the association." (R. S. 17-1616.)

Paragraph 18c of the contract between the parties reads:

"If the association brings any action whatsoever by reason of a breach or threatened breach hereof, the grower agrees to pay to the association all costs of court, costs for bonds and otherwise, expenses of travel, and all expenses arising out of or caused by the litigation, and any reasonable attorney's fees expended or incurred by it in such proceedings, and all such costs and expenses shall be included in the judgment and shall be entitled to the benefit of any lien securing any payment thereunder."

In *Mo. Pac. Rly. Co. v. Merrill,* 40 Kan. 404, 19 Pac. 793, an action to recover damages under chapter 155 of the Laws of 1885 (R. S. 66-232 and 66-233), it was said that "what is a reasonable attorney's

fee is a question of fact, which should be submitted and determined the same as any other fact arising in the case." (p. 409.)

In *Ft. S. W. & W. Rld. Co. v. Karracker,* 46 Kan. 511, 26 Pac. 1027, it was held that the trial court erred in rendering judgment for an attorney's fee against the company without submitting the question to a jury. Referring to the Merrill case, the court said:

"This indicates that the question of the allowance of a reasonable attorney's fee should be presented for hearing at the same time the case is tried upon its merits, and to the same tribunal, and if so, it would also seem that the demand for a reasonable attorney's fee should be set forth, in some manner, in the plaintiff's petition." (p. 519.)

In *Ft. S. W. & W. Rly. Co. v. Tubbs,* 47 Kan. 630, 26 Pac. 612, it was said that—

"The question of attorney's fees was one of the issuable facts in the case, and should have been submitted with the other facts to the jury and been determined in the same way." (p. 637.)

In *Gray v. Railway Co.,* 89 Kan. 325, 131 Pac. 555, it was held to be error for the court to fix the attorney fee. This court said:

"The amount of attorney's fees, if any, to which a plaintiff is entitled in such a case is a question for the determination of the jury, to be tried by the jury as other questions of fact in the case are tried." (p. 328.)

In *Blount v. Building & Loan Association,* 97 Kan. 77, 154 Pac. 222, an action brought to recover the penalty for failure to release a real-estate mortgage, under the provisions of section 5202 of the General Statutes of 1909 (R. S. 67-309) it was held to be error for the court to refuse to submit to a jury the question as to the amount of attorney's fees. It will be noted that these were distinctively actions at law. In another line of cases, sounding in equity, it has been held that the court might allow attorney's fees. *Elliott v. Oil Co.,* 106 Kan. 248, 187 Pac. 692, was an action to cancel of record an oil and gas lease which had been forfeited and for statutory damages for $100 and for an attorney's fee expressly allowed by statute in actions of that kind. It does not appear to have been a jury trial, and so far as its main features were concerned, cancellation of the lease, the action sounded in equity rather than in law. The question whether there should have been a jury trial on plaintiff's right to an attorney's fee seems not to have been raised. The decision was that an attorney's fee should have been allowed, but as no evidence of the extent and worth of the attorney's services were

presented, the fee would have to be limited to the fair value of what services he had performed, which the trial court was apprised of without formal evidence—for example, the attorney's services disclosed by the files in the case, the briefs if any, what preparation he had made for trying the case as manifested by the way he did try it. To that extent, at least, the trial court knew what services plaintiff had performed, and the court could thus make a partial allowance without further proof. But this court did not intend to rule as a matter of law that an allowance of attorney's fees, or the value of his service, is never a jury question. In the instant case, the attorney's fee is a matter of contract, a contract sanctioned by express statute, but to be enforced as any other valid contractual obligation, in a court of general jurisdiction. An agreement of parties that this court might fix an attorney's fee is ordinarily unenforceable here for the reason that jurisdiction is not thus conferred on this court. Its original jurisdiction is that defined by the constitution, and its appellate jurisdiction is conferred by statute. It has no other jurisdiction, and so the matter of fees earned by plaintiff in this court under its contract with defendant is recoverable only in a court having original jurisdiction of contractual obligations.

Various authorities cited by plaintiff supporting the theory that the court might fix and allow attorney's fees without formal proof have been considered, but we conclude that in actions like the present the parties claiming such fees should plead and prove their right thereto the same as would be required in order to recover on any other provision of the contract. In the absence of agreement as to the allowance for attorney's fees, the parties cannot recover without pleading and proof. In this case, there was evidence that $150 would be a reasonable attorney's fee. If the trial court gave credence to that evidence, the plaintiff would, therefore, be entitled to judgment for that amount in addition to its damages for failure of the defendant to deliver his wheat according to contract. The evidence discloses that the defendant disposed of a total of 4,584 bushels of wheat which should have been delivered to the plaintiff. According to the contract the plaintiff was entitled to recover twenty-five cents per bushel.

The judgment is reversed and the cause remanded, with instructions to enter judgment for plaintiff for the amounts due.