No. 30,122.

Daniel R. Young and William W. Haworth, as Trustees, et al., *Appellees*, v. J. Shannon Nave, Raymond Nave and William Zeigler, *Appellants*.

(10 P. 2d 23.)

Opinion filed April 9, 1932.

*V. Harris, M. P. Shearer, Robert C. Foulston* and *George Siefkin,* all of Wichita, for the appellants.

*Benjamin F. Hegler, A. V. Roberts, Roger P. Almond,* all of Wichita, and *Charles McCabe,* of Crawfordsville, Ind., for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one to recover on a number of promissory notes and to foreclose a mortgage securing them. The notes were executed in the state of Indiana, and were payable there. Each note provided for payment of a principal sum, with interest, "and attorney's fees." The judgment which was rendered included an attorney fee of five per cent of the principal sum of each note, and the appeal was taken to secure a modification of the judgment in that and another respect.

A provision in a promissory note for payment of an attorney fee is valid under the law of Indiana. It is often said a contract valid

in the state where made and to be performed is valid everywhere. It does not follow, however, from the fact that a contract is valid in the state where made and to be performed, that another state will enforce it by appropriate legal remedy. If the contract is contrary to the law or public policy of the forum, remedy will be denied. This is the general rule, supported by reason and authority, and it is not necessary to review the cases.

In this state we have a statute which reads as follows:

"That hereafter it shall be unlawful for any person or persons, company, corporation or bank, to contract for the payment of attorney's fees in any note, bill of exchange, bond or mortgage; and any such contract or stipulation for the payment of attorney's fees shall be null and void; and that hereafter no court in this state shall render any judgment, order or decree by which any attorney's fees shall be allowed or charged to the maker of any promissory note, bill of exchange, bond, mortgage, or other evidence of indebtedness by way of fees, expenses, costs or otherwise: *Provided,* That in all existing mortgages wherein no amount is stipulated as attorney's fees, not more than eight per cent on sums of two hundred and fifty dollars or under, and not more than five per cent on all sums over two hundred and fifty dollars, shall be allowed by any court as attorney's fee: *And provided further,* That this act shall not apply to existing mortgages wherein any sum has been stipulated as attorney's fees. [L. 1876, ch. 77, § 1; March 1.]" (R. S. 67-312.)

Of course the legislature did not attempt to regulate, by this statute, the making of contracts in other states. But the legislature condemned attorney-fee agreements in notes and mortgages, forbade the appropriation of Kansas property, given as security, to the satisfaction of such agreements, and closed the courts of this state to their enforcement. This definitely fixed the policy of this state with respect to attorney-fee agreements, and if when an agreement is presented to a court for enforcement here it is of the odious kind, it is not material to the court where it originated.

The fact that in Indiana the provision for payment of an attorney fee is as much a part of the contract as the provisions for payment of the principal sum and for payment of interest, is of no importance. The attorney-fee provision is inimical to the public policy of this state, and in a suit on the contract the provision must be severed and disregarded.

The district court upheld the attorney-fee provision, on the ground the statute violated the obligation of the contracts. This, however, puts the cart before the horse. The statute was enacted in 1876, and care was taken not to violate the obligation of any then existing contracts. The contracts sued on were made in 1928. When

they were imported into this state for enforcement, they encountered a statute which had governed the relations of parties to notes and mortgages for more than fifty years, and the question was purely one of comity.

It cannot be said there was no reasonable basis for the legislation. The attorney-fee provision affects certainty of the amount which a debtor who gives a note may be required to pay, mulcts debtors for default in a sum not necessarily compensatory, and is capable of use by Shylock creditors to fleece necessitous debtors of small means.

The mortgage recited that it was given by the mortgagors to Young and Haworth as trustees for various creditors of the mortgagors, "in the respective amounts hereinafter stated." The debts secured were specifically described. The mortgage contained the following provision:

"And the mortgagees herein and their successors, by the acceptance of this mortgage, agree and bind themselves to administer said trust, as herein provided, and without compensation to themselves, except to reimburse themselves for their necessary costs and expenses incident thereto and for reasonable compensation for their time actually employed, and to pay out the money collected on said notes . . ."

The district court made the following finding:

"That the plaintiffs, Daniel R. Young and William W. Haworth, trustees as aforesaid, for and on behalf of the respective parties, are entitled to recover their expenses personally made in the performance of their duties under said trust mortgage and for reasonable compensation for their time so spent, and the amount is determined by the court to be $2,430; and in addition thereto should recover the charge made by their agent in said county in looking after said property under the terms of said trust mortgage, and the court finds the amount to be $9,284.02." .

The judgment made these items liens on the mortgaged real estate as a part of the total sum secured by the mortgage.

So far as the mortgagees themselves were concerned, there was no proof of expenditure of a single penny by way of cost or expense, and no proof of a single day's time actually employed. The mortgage did not provide that the mortgagees should have possession. There is nothing in the record to show they did have possession. No authority from the mortgagors to agents of the mortgagees to look after the property was disclosed, and there was no proof of expenditure of either time or money by any agent of the mortgagees. The following summarizes the proof:

"Q. In other words, you base all of your alleged recoveries on five per cent;

is that it? A. Five per cent for attorney fees and five per cent for services, yes.

"THE COURT: Five per cent of the notes? A. Yes."

The paragraph of the mortgage which appears above constituted the covenant of the mortgagees with the various creditors of the mortgagors for whose benefit the mortgagees engaged to act. The paragraph did not create any liability on the part of the mortgagors, or any burden on the mortgaged real estate. When settling with their beneficiaries, the mortgagees may reimburse themselves, strictly according to the provision in the mortgage, out of distributable funds, but the mortgagors are not concerned with that subject, and the court was not concerned with it.

Assignments of error presented by appellants, other than those which have been discussed, are not deemed to be of substantial merit.

The judgment of the district court is modified by striking out the sums allowed as attorney fees, the sum allowed to the mortgagees for themselves, and the sum allowed for charges made by the agent of the mortgagees in looking after the mortgaged property. As modified, the judgment is affirmed.