The Honorable Vernon W. Correll State Representative, 7th District P.O. Box 214 Oswego, KS 67356
Dear Representative Correll:
You request our opinion regarding the effect of the 1994 changes to K.S.A. 1993 Supp. 58-2309a. Specifically, you ask if the amendments enacted in house bill no. 2654 permit financial institutions to charge a fee for preparing a mortgage release. You indicate that some financial institutions are charging up to $150.00 for preparing the release of a mortgage.
Prior to the 1994 amendments, K.S.A. 1993 Supp. 58-2309a provided as follows:
 "(a) When the indebtedness secured by a recorded mortgage is paid . . . the mortgagee . . . shall enter satisfaction or cause satisfaction of such mortgage to be entered of record forthwith, paying the required fee without charge to the mortgagor or the mortgagor's assigns." Id. (Emphasis added).
In 1994, the legislature amended the statute by deleting the portion underlined above. L. 1994, ch. 250, sec. 1. It is not clear from the statute what effect this change has upon a mortgagee's ability to charge a fee for preparation of releasing a mortgage. To determine what the legislature intended, it is proper to look at the circumstances attending the passage of the statute, the purpose to be accomplished and effect the statute may have under various constructions. West v. Collins.251 Kan. 657 (1992).
When the amendment was first proposed, the intent was to strike the "language prohibiting a mortgagee from charging the mortgagor a fee for releasing the mortgage." Minutes, House Committee on Financial Institutions and Insurance, January 26, 1994. The purpose of this change was stated by the director of research for the Kansas Bankers Association (KBA), Chuck Stones. Mr. Stones stated that the language of K.S.A.58-2309a conflicts with K.S.A. 16-207(d). Id. He went on to say that:
 "Striking the language from 58-209a [sic.] will allow the mortgage release to be governed by 16-207 similar to other promissory notes, and will eliminate the confusion created by the conflict between these two statutes." Minutes, Attachment 2, House Committee on Financial Institutions and Insurance, January 26, 1994.
The language of K.S.A. 16-207, to which Mr. Stones refers, provides:
 "The lender may collect from the borrower: (1) The actual fees paid a public official or agency of the state, or federal government, for filing recording or releasing any instrument relating to a loan subject to the provisions of this section;. . . ." K.S.A. 16-207(d).
We agree that these statutes appeared to be in conflict prior to the amendment. K.S.A. 1993 Supp. 58-2309a prohibited mortgagees from requiring the mortgagors to pay the fee required to release a mortgage, whereas K.S.A. 16-207(d)(1) permits a lender to charge a fee to the borrower, if they choose to do so.
The next issue that must be addressed is determining exactly what "fee" is being discussed. It is not clear from the language of K.S.A. 1993 Supp. 58-2309a what "fee" is being referred to, nor is it clear from the amendment. L. 1994, ch. 250, sec. 1. To discern what fee the legislature was referring to, the intent of the legislature controls.State v. Royse, 252 Kan. 755 (1993). It is proper to review historical background and changes made in a statute when determining legislative intent. Moore v. City of Lawrence, 232 Kan. 353 (1982).
The forerunner of K.S.A. 58-2309a was first interpreted in Bloutv. Atena Building Loan Assoc., 97 Kan. 77 (1916). In that case, the court was interpreting the provisions of Gen. Stat. 1909, sec. 5202, repealed by L. 1971, ch. 189, sec. 2, which required that:
 "When any mortgage of real estate shall be paid . . . it shall be the duty of the mortgagee . . . to enter satisfaction or cause satisfaction of such mortgage to be entered of record without charge."
The Blout court pointed out that the fee for recording the release was a "trifling expense of thirty cents." Id. at 80. The court went on to hold that parties could contract outside of the statute, so that the mortgagor could pay for the release if the agreement specified. Id. at 81
In Bird v. Aetna Building Loan Assoc., 110 Kan. 706 (1922) the court followed the decision of Blout. There again, the court noted how minimal the expense for releasing a mortgage would be. Bird 110 Kan. at 709. The court stated that "the statute (Gen. Stat. 1915, sec. 4720) provides that the fee for releasing a mortgage . . . shall be twenty-five cents. . . ."Id.
In addition to this historical background of the statute, we must also look at the legislative history of the statute. When there is uncertainty about the meaning of a statute it is prudent to examine its legislative history. Koch v. Shell Oil Co., 820 F. Supp. 1336 (D.Kan. 1993). In your letter of request, you refer to comments made during the drafting of the amendment which refer to a $5.00 fee. This $5.00 fee you refer to was mentioned on several occasions during the drafting of the statute.
The actual $5.00 amount was first referred to when Mr. Stones, director of research for the KBA, stated that "the KBA would prefer that the customer be charged the $5.00 fee." Minutes, House Committee on Financial Institutions and Insurance, Feb. 14, 1994. The $5.00 amount was next mentioned by Representative Allen when he recommended that "the lending institutions would have to pay the $5.00 fee." Minutes, House Committee on Financial Institutions and Insurance, Feb. 23, 1994. The last time the fee is mentioned is when Representative King moved to pass out house bill no. 2654 "in the original form which required the borrower to pay the $5.00 fee." Id.
Based on the above statements and the actual change made to the statute an inference can be drawn that this $5.00 amount refers to the fee required by a government office to have a mortgage released from the record.
This position is further supported by K.S.A. 28-115 which provides that:
 "The register of deeds of each county shall charge and collect the following fees:
 "Recording release or assignment of real estate mortgage ...................................... 5.00."
Based on the court cases which refer to K.S.A. 58-2309a's predecessor, the legislative history accompanying the amendments made in L. 1994, ch. 250, sec. 1 and the provisions of K.S.A. 28-115, we opine that the 1994 amendments to K.S.A. 1993 Supp. 58-2309a allow lenders to require mortgagors to pay the $5.00 filing fee, to be forwarded to the county register of deeds, to release that individual's mortgage. The amendment cannot, however, be used as authority to charge any other fees to the mortgagor for preparation of a mortgage release. This opinion does not address whether statutes other than K.S.A. 58-2309a may authorize the mortgagee to charge additional fees for preparation of the release.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Lawrence J. Logback Assistant Attorney General
RTS:JLM:LJL:bas