(626 P.2d 1236)

No. 52,181

OAK PARK INVESTMENT COMPANY, *Appellant,* v. LUNDY'S, INC., *Appellee.*

Opinion filed April 24, 1981.

*James F. Davis,* of Brown, Koralchik & Fingersh, of Kansas City, Missouri, and *Ray L. Borth,* of Cooke, Ballweg, Borth, Wilson & Simpson, of Prairie Village, for appellant.

No appearance by appellee.

Before JUSTICE FROMME, presiding, PARKS, J., and TYLER C. LOCKETT, District Judge, assigned.

FROMME, J.: Oak Park Investment Company brought this action to recover for breach of a commercial lease. Judgment declaring a breach was entered against Lundy's, Inc., for unpaid rent and charges due under the lease. The commercial lease contained a provision authorizing recovery of attorney fees necessary to prosecute an action to recover damages in event of a breach of the lease by either party. The trial court found the reasonable amount of attorney fees incurred by plaintiff was $2,250.00, but denied recovery. Plaintiff Oak Park has appealed. Only one point is in issue: Is a provision in a commercial lease for the recovery of reasonable attorney fees in event of a breach valid and enforceable in Kansas?

The commercial lease in the present case covered space in the Oak Park Shopping Center to be used for a restaurant business. The lease term was five years. The provisions contained in this all-inclusive lease cover 39 legal size pages plus attached exhibits. Section 21.04 of this lease, concerning recovery of legal expenses including attorney fees, provides:

"(A) In case suit shall be brought because of the breach of any agreement or obligation contained in this Lease on the part of Tenant or Owner to be kept or performed, and a breach shall be established, the prevailing party shall be entitled to recover all expenses incurred therefor, including reasonable attorneys' fees."

A statutory provision in the Kansas Residential Landlord and Tenant Act, K.S.A. 58-2547(a)(3), renders any provision in a *residential* lease, by which it is agreed to pay either party's attorneys' fees, unenforceable. If the present lease were a residential lease the provision under consideration would be unenforceable. We find no similar statutory provision covering commercial leases.

The author of 17 Am. Jur. 2d, Contracts § 164, pp. 517-518 states:

"Although there is considerable conflict as to the validity of a provision or stipulation in a contract, note, or other instrument, for attorneys' fees or costs of collection or legal expenses, the rule in most jurisdictions, apart from any statutory provision to the contrary, is that such a provision or stipulation is valid; it is regarded as a reasonable provision for reimbursement or indemnity to the creditor against the expenses incident to a default on the part of the debtor, which is not against public policy if an unreasonable or oppressive sum is not specified. Some cases base the rule on the conceded right of parties to make their contracts in whatever form they please, provided they conform to the law of the land."

In the balance of this section it is pointed out a number of authorities hold otherwise. They reason that such a provision for attorney fees is invalid as against public policy in that it is oppressive and tends to promote litigation.

It should be pointed out that in all jurisdictions the sum is limited to reasonable attorney fees and recovery in any case is limited to a reasonable amount only. However, a provision for recovery may be rendered void and unenforceable by statute. The statutory prohibitions generally come in the area of debt contracts such as notes, bills of exchange, bonds, or mortgages and the Uniform Consumer Credit Code. Under K.S.A. 58-2312 a stipulation in any note, bill of exchange, bond or mortgage for payment of attorney fees is unlawful and unenforceable.

Under the Uniform Consumer Credit Code (UCCC) no agreement may provide for the payment by the consumer of attorneys' fees. K.S.A. 16a-2-507. Any provision in violation of that section is rendered unenforceable.

However, K.S.A. 16a-5-201(8) provides that the court shall award to the consumer the costs of the action and to his attorneys their reasonable fees in an action in which it is found that a creditor has violated any provision of sections 1 through 131 (16a-1-101 through 16a-9-102).

In Kansas it has generally been stated that the prevailing parties

in a lawsuit are not entitled to recover attorney fees unless attorney fees are specifically authorized by statute *or agreement.* See *Gaslight Villa, Inc. v. City of Lansing,* 213 Kan. 862, 873, 518 P.2d 410 (1974); *Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour M Co.,* 257 F.2d 93 (10th Cir. 1958); *Farmers Casualty Company (Mutual) v. Green,* 390 F.2d 188 (10th Cir. 1968).

However, these cases are not strictly in point for although they set forth this rule they are not contract cases in which the contract contains such a provision. See also:

*Stover v. Johnnycake,* 9 Kan. 367, 370 (1872). A judgment for attorney fees for services rendered in the same case is never allowed in an action on contract, unless stipulated for, or unless expressly authorized by statute.

*Shellabarger & Leidigh v. Thayer,* 15 Kan. 619 (1875). An attorney's fee is not taxable on the foreclosure of any lien unless in pursuance of a contract therefor.

*Zimmerman v. McMurphy,* 111 Kan. 654, 657, 208 Pac. 642 (1922). Attorney's fees incident to a litigation are in a few instances authorized to be assessed, but unless such expenses are a matter of contract or there is express statutory authority for assessing them, they are not recoverable.

We find one Kansas case which does allow an attorney fee based on a provision in the contract, which contract was the basis for the suit. It is *Wheat Growers Ass'n v. Rowan,* 125 Kan. 657, 266 Pac. 104 (1928). The contract between the parties provided if the association brings an action for breach the grower agrees to pay costs of the action and reasonable attorney fees, to be included in any judgment. It was held proper to recover attorney fees under the contract provision, and the case was remanded with instructions to enter judgment for amounts due including attorney fees.

An informative law review article can be found in Vol. 18 Washburn Law Journal, p. 535 (1979). It is titled *Recovery of Attorney Fees in Kansas.* At page 543 the author discusses when a contract for attorney fees is enforceable. In appendix A at the end of the article, the author collected ninety (90) Kansas statutes, each of which refer in some way to recovery of attorney fees. Six of these statutes either restrict or prohibit agreements for recovery of attorney fees. None of these six relates to commercial leases.

No statutory prohibition against such a provision in a com-

mercial lease has been called to our attention and we have been unable to find such a statute. We cannot hold a provision for recovery of attorney fees is against the public policy of this State. The legislature has permitted recovery of attorney fees in many cases. It has not prohibited such a provision in commercial leases. The provision for recovery of attorney fees in the present lease does not appear to be oppressive or unreasonable. It applies equally to both parties to the lease. We do not believe such a provision will promote litigation. It merely assists a nondefaulting party to recoup a fair and just amount of damages and expenses which may result from a breach by the other party. A commercial lease, such as the present one, is generally negotiated by parties of more or less equal bargaining power. A provision for attorney fees in a commercial lease is readily distinguishable from a similar provision in a residential lease. Such a provision in a residential lease is rendered unenforceable by statute. K.S.A. 58-2547(a)(3).

Therefore, we hold an agreement included in a commercial lease for recovery of reasonable attorney fees is valid and enforceable in Kansas, in the absence of any statutory prohibition against such a provision.

In view of the finding of the district court as to the amount of a reasonable attorney fee in this case, we reverse the order denying an attorney fee, and remand the case to the district court with directions to enter judgment in an additional amount of $2,250.00 to cover reasonable attorney fees in prosecuting the action.