664 So.2d 1128 (1995)
Mae EISMAN; David H. Zoberg; Barbara Zoberg; Law Office of David H. Zoberg, P.A.; Ronald Weinstein; Shooting Star Enterprises, Inc.; Peter Zoberg and David Zoberg as co-Trustees of and for Linda Zoberg IV Trust; Shooting Star Enterprises, Inc. as General Partner of and for Hialeah Lakes Plaza 123, Ltd.; Hialeah Lakes Plaza 123, Ltd.; David Zoberg as Trustee of and for Peter Zoberg Trust; Peter Zoberg as Trustee of and for David Zoberg Trust; Mae Zoberg; Mae Zoberg, Peter Zoberg as Trustee for David Zoberg Trust, David Zoberg, as Trustee for Peter Zoberg Trust, all as Partners of and for Zoberg Family Partnership, Zoberg Family Partnership, and Ariel Furst, Esq., Appellants,
v.
Lauri ROSS, Robert Maland, Law Office of Maland and Ross, a Partnership, Roger M. Dunetz, and Bonnie Rosen, Appellees.
No. 94-2954.
District Court of Appeal of Florida, Third District.
December 13, 1995.
*1129 Ariel E. Furst, Miami Beach; David H. Zoberg, Miami, for appellants.
Maland & Ross and Lauri Ross, Miami, for appellees.
Before NESBITT, GODERICH and GREEN, JJ.

ON MOTION FOR CLARIFICATION AND MOTION TO AMEND MANDATE
PER CURIAM.
We grant appellant's second motion for clarification and substitute the following for our previous opinion filed on September 27, 1995.
Based on the record before us, we affirm the trial court's award of attorneys' fees and costs pursuant to section 57.105(1), Florida Statutes (1993). We must, however, reverse that portion of the award which represents both costs and attorney's time spent litigating the amount of fees because there is no statutory basis for the same. See State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla. 1993).
Affirmed in part and reversed in part.

ON MOTION TO AMEND MANDATE
Ariel Furst, Esq., counsel for appellants, asks us to amend the mandate to include his name as a party appellant where, although he was listed as a party litigant on the supersedeas bond posted for this appeal, he inadvertently omitted his name on the notice of appeal. We concluded that since none of the parties were prejudiced or misled on this appeal as a result of this undisputed scrivener's error and indeed all parties proceeded throughout the appeal as though Mr. Furst was an appellant,[1] the motion to amend the mandate to include Ariel Furst as a party appellant is and shall be granted.
When Rule 9.110(d) (providing for notice of appeal) was crafted, it was "intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced." Fla.R.App.P. 9.110(d) 1977 Committee Note. According to our supreme court:
The purpose of a notice of appeal is to disclose to an adverse party and the reviewing court that an appeal from an appealable order, judgment or decree of the trial court is intended. As long as parties have received that notice and have not been prejudiced by any deficiencies or ambiguities in the notice of appeal, the dismissal of such an appeal is inconsistent with the concept of appellate review and with the proper administration of justice.
Milar Galleries, Inc. v. Miller, 349 So.2d 170, 171 (Fla. 1977) (citations omitted). The court went on to write:
[I]n testing the sufficiency of the notice, the record itself should be examined. Where the examination of the notice of the appeal and other appellate documents such as assignments of error, briefs and other pertinent papers show that the parties have not been misled or prejudiced by any deficiencies or ambiguities in the notice itself, the dismissal of such an appeal would not only be contrary to prior precedents of this Court but inconsistent with the concept of our appellate procedures and the true administration of justice.
Id. at 172 (quoting Robbins v. Cipes, 181 So.2d 521, 522 (Fla. 1966)). Here, an examination of the record reveals that Furst was counsel of record below and the judgment for *1130 attorneys' fees under review was against him as well. Most significantly, Furst posted a supersedeas bond along with the other appellants. This more than adequately put appellees on notice of his intent to join this appeal as an appellant. Appellees do not (and indeed cannot) argue that they were prejudiced in any way on this appeal by Furst's obvious scrivener's error.
Accordingly, the mandate is hereby amended nunc pro tunc from the date of its issuance to include Ariel Furst as a party appellant to this action.
NOTES
[1] The error was apparently discovered by appellees after the filing of this court's opinion on September 27, 1995. After the opinion was issued, appellees filed a motion to compel payment on the supersedeas bond on the grounds that Mr. Furst did not appeal on his own behalf.