671 So.2d 881 (1996)
WESTFIELD INSURANCE COMPANY, Appellant,
v.
Marilyn SLOAN, etc., et al., Appellees.
No. 96-309.
District Court of Appeal of Florida, Fifth District.
April 19, 1996.
*882 Patricia J. Kelly of Harris, Barrett, Mann & Dew, St. Petersburg, for Appellant.
Peter A. Shapiro of Morgan, Colling & Gilbert, P.A., Orlando, for Appellees.

ON MOTION TO DISMISS
DAUKSCH, Judge.
Appellee moves to dismiss the amended notice of appeal because, she says, it improperly adds a party appellant. We deny the motion.
A final judgment which contained a provision awarding attorney's fees was entered against Westfield Insurance Company and the law firm of Harris, Barrett, Mann & Dew (hereinafter "Harris") on January 5, 1996. These fees were to be paid by the insurance company and the law firm in equal parts. Harris, as counsel for Westfield, filed a timely notice of appeal on January 25, 1996. However, the caption in the notice of appeal only listed Westfield Insurance Company as appellant. Harris filed an amended notice of appeal on February 28, 1996 listing itself as well as Westfield as an appellant. Appellee seeks to have this amended appeal dismissed.
The issue here is whether a party which is subject to the final judgment below can be added to a notice of appeal by amendment after the time for filing has run. Appellee argues the firm's amended appeal contains an irremediable jurisdictional defect. See Fla.R.App.P. 9.110(b) and Committee Notes following. A careful reading of the rules of appellate procedure and pertinent case law indicate this view is erroneous.
Rule 9.110(d) requires the notice of appeal "contain the name of the lower tribunal, [and] the name and designation of at least 1 party on each side,...." (emphasis added). The Committee Notes following further explain that the advisory committee did not intend defects in the notice of appeal to be "jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced." Fla.R.App.P. 9.110 Committee Notes. Thus, appellee must prove she was substantially prejudiced by the firm's failure to include its name in the caption.
Courts have adopted this test for prejudice in deciding whether to dismiss an appeal. The supreme court in Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977) stated:
[T]he purpose of a notice of appeal is to disclose to an adverse party and the reviewing court that an appeal from an appealable order, judgment or decree of the trial court is intended. (citation omitted). As long as parties have received that notice and have not been prejudiced by any deficiencies or ambiguities in the notice of appeal, the dismissal of such an appeal is inconsistent with the concept of appellate review and with proper administration of justice. (emphasis added) (citation omitted).
Id. at 171. Further, Rule 9.040(d) provides:
[A]t any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
Fla.R.App.P. 9.040(d). The Appellate Rules clearly allow the law firm to amend its notice of appeal unless appellee can prove substantial prejudice to her rights.
*883 Appellee does not state anywhere in her motion that her rights were substantially prejudiced. It could be inferred from her attempt to enforce the judgment against the law firm that any delay in receiving attorney's fees harms her. This argument is not persuasive because appellee would normally have to wait for an appeal to run its course before she can collect on the judgment.
In Eisman v. Ross, 664 So.2d 1128 (Fla.3d DCA 1995), an attorney requested the court to amend a mandate to include him as a party appellant when he inadvertently failed to list his name. He had, however, listed his name on the supersedeas bond. The court, relying on the Milar decision, required the complaining party to demonstrate he was prejudiced by any deficiencies or ambiguities in the notice of appeal. Id. at 1129. The court examined the record and found appellees were not prejudiced by the attorney's scrivener's error. Id. at 1130. In reaching its decision the court relied on two facts: 1) the attorney was the counsel of record below and the judgment for attorney's fees was against him also, and 2) most significantly, the attorney posted a supersedeas bond along with the other appellants. Id. at 1129-30.
The motion to dismiss the appeal is denied.
PETERSON, C.J., and HARRIS, J., concur.