698 So.2d 329 (1997)
Donnabelle ZEPEDA and Jo Ann Rivera, Appellants,
v.
Stuart B. KLEIN, Appellee.
No. 96-3715.
District Court of Appeal of Florida, Fourth District.
August 6, 1997.
Rehearing Denied September 12, 1997.
James E. Weber of James E. Weber, P.A., West Palm Beach, for appellants.
Stuart B. Klein of Klein & Klein, P.A., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
GROSS, Judge.
We grant appellants' motion for rehearing, withdraw the per curiam affirmance issued on June 11, 1997, and substitute the following opinion in its place.
The trial court awarded appellee, Stuart Klein, attorney's fees for legal services rendered to the guardian of a person, appointed pursuant to Chapter 744, Florida Statutes (1995). The ward died on April 4, 1996. We affirm that portion of the trial court's order finding that the majority of the services Klein performed were recoverable under section 744.108, Florida Statutes (1995).
Since part of the award was based on time Klein spent after April 4 to collect his fees from the estate, the remaining issue is whether section 744.108(1) allows an attorney to recover a fee for time spent in collecting a fee. Florida follows the "American Rule" that "attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties." State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993). The authorizing statute in this case, section 744.108(1), provides:
A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.
*330 When evaluating the scope of attorney compensation provisions in other statutes, the supreme court has allowed fees where the time spent in securing the fee resulted in "a substantial benefit" for the client and the award was consistent with statutory language and purpose. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla.1987); Bissmeyer v. Southeast Bank, N.A., 596 So.2d 678, 679 (Fla. 2d DCA 1991), review denied, 599 So.2d 654 (Fla.1992); Diaz v. SantaFe Healthcare, Inc., 642 So.2d 765 (Fla. 1st DCA 1994); Department of Transp. v. Winter Park Golf Club, 687 So.2d 970 (Fla. 5th DCA 1997).
For example, in Palma, the supreme court found that recovery of attorney's fees was part of the relief provided to an insured by section 627.428(1), Florida Statutes (1983). The statute at issue in Palma allowed a prevailing insured to recover a "reasonable sum as fees or compensation for the insured's... attorney prosecuting the suit in which recovery is had." 629 So.2d at 832. The statute implemented a policy of discouraging the contesting of valid claims against insurance companies by reimbursing insureds who successfully brought suit to enforce their insurance contracts. Id. at 833. The court reasoned that a lawyer's time spent in establishing entitlement to attorney's fees under the statute were services "rendered in procuring full payment of the judgment" permitted by the statute, so that the insured "had an interest in the fee recovered." Id. at 832-33. However, the court held that a lawyer's time spent litigating the amount of attorney's fees was not compensable under the statute. The supreme court observed that "[s]uch work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment." Id. This holding is significant, since, arguably, awarding fees for contesting the amount of fees would have also been consistent with the statutory purpose of discouraging a type of litigation. See Eisman v. Ross, 664 So.2d 1128 (Fla. 3d DCA 1995)(reversing that portion of an award representing "attorney's time spent litigating amount of fees because there is no statutory basis for the same" under section 57.105(1), Florida Statutes (1993)), review dismissed, 668 So.2d 603 (Fla.), and 670 So.2d 937 (Fla.1996).
Without such a broad public purpose, section 744.108(1) more narrowly circumscribes the scope of recoverable attorney's fees to those incurred for "services rendered ... on behalf of the ward." In a contested fee hearing, the interests of the attorney and the ward are adverse; the greater the attorney's success in securing a large award, the greater is the negative financial impact on the ward. The statutory language does not permit the attorney to recover fees incurred while litigating against the ward or her heirs over attorney's fees. Such services are not rendered "on behalf of the ward" within the meaning of the statute. In this case, unlike Palma, the issue of entitlement to attorney's fees does not inure to the benefit of the client, so time spent litigating even that issue is not compensable under the statute.
This reading of the statute draws strong support from In re Estate of Platt, 586 So.2d 328 (Fla.1991). Platt involved the application of section 733.617, Florida Statutes (1989), which provided that an attorney employed by a personal representative "shall be entitled to reasonable compensation." The attorney for the estate sought compensation for 54 hours expended in pursuit of his fee. Id. at 329. Without explanation, the supreme court held that such time was "not compensable because the hours were spent collecting his fee." Id. at 336. Platt is instructive, since the statutory language allowing "reasonable compensation" could have been read to cover time spent in obtaining a fee award. Such fee authorization language is broader than that of section 744.108(1) which ties a recoverable fee to services rendered "on behalf of the ward." The probate fee statute is akin to the guardianship fee statute. Both involve the setting of an attorney's compensation for a special type of legal proceeding. Platt's construction of so similar a statute compels the conclusion that section 744.108(1) does not allow recovery of attorney's fees incurred in obtaining an award of attorney's fees.[1]
*331 We remand this case to the trial court for a recalculation of attorney's fees, eliminating that portion of the fee allocable to the time spent in obtaining the award.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] The passage of section 733.6171(8), Florida Statutes (1995), superseded the holding of Platt excluding time incurred in collecting a fee from a recoverable fee. Williams College v. Bourne, 670 So.2d 1118, 1119 (Fla. 5th DCA 1996). That section states:

(8) Court proceedings to determine compensation, if required, are a part of the estate administration process, and the costs, including fees for the personal representative's attorney, shall be determined by the court and paid from the assets of the estate unless the court finds the request for attorney's fees to be substantially unreasonable. The court shall direct from which part of the estate they shall be paid.
There has been no similar amendment to section 744.108.