(943 P.2d 508)
No. 76,559

SHUGHART THOMSON & KILROY, P.C., *Appellant,* v. MAX RIEKE
& BROTHERS, INC., and AMERICAN STATES INSURANCE
COMPANY, *Appellees.*

—

Opinion filed
August 8, 1997.

*Steven D. Ruse,* of Shughart Thomson & Kilroy, P.C., of Overland Park, and *Roy Bash,* of the same firm, of Kansas City, Missouri, for appellant.

*Charles D. Lawhorn,* of Lawhorn, Simpson & Polsley, of Shawnee Mission, for appellees.

Before ROYSE, P.J., LEWIS and KNUDSON, JJ.

ROYSE, J.: Shughart Thompson & Kilroy, P.C., (Shughart) brought this action against Max Rieke & Brothers, Inc., (Rieke) and American States Insurance (American States) to recover attorney fees incurred in a previous action. The district court dismissed the case, and Shughart appeals.

The previous action concerned construction work on Interstate 35. Florence Construction Company (Florence) had entered into a contract with the Kansas Department of Transportation to do certain highway construction work. Florence, in turn, subcontracted part of the work to Rieke. The subcontract contained the following provision regarding attorney fees:

"And the Subcontractor shall indemnify the Contractor and the Owner against, and save them harmless from, any and all loss, damage, costs, expenses and attorneys' fees suffered or incurred on account of any breach of the aforesaid obligations and covenants, and any other provision or covenant of this Subcontract."

Florence sued Rieke and its surety, American States, claiming Rieke had breached its obligations under the subcontract. Following a hearing, the district court granted judgment to Florence in the amount of $234,752.70. This judgment included $30,000 in attorney fees incurred by Florence as a result of Rieke's breach of contract. Rieke appealed from the judgment, and Florence cross-appealed. This court affirmed the judgment of the district court in an unpublished opinion filed April 29, 1994.

Florence was represented by Shughart in its action against Rieke. On October 10, 1994, Florence assigned to Shughart its rights to the fees owed by Rieke and American States. On October 20, 1994, Florence signed a document acknowledging receipt of the judgment amount and indicating that the judgment was satisfied and released.

On July 25, 1995, Shughart filed this action against Rieke and American States, alleging it was entitled to recover $16,068.04 in additional attorney fees incurred in connection with post-trial proceedings and the appeal in the first case, as well as fees incurred in pursuing this action. The district court denied Shughart's motion for summary judgment and granted Rieke's oral motion to dismiss. The district court reasoned that no request had been made in the first case for an award of additional fees for work done before the appeal was filed, that Shughart had failed to comply with Supreme Court Rule 7.07 (1996 Kan. Ct. R. Annot. 45), and that Shughart was barred by the doctrine of collateral estoppel from recovering fees incurred in this action.

Shughart's first argument on appeal is that Rule 7.07(b) has no application to this case. That rule provides: "Appellate courts may award attorney fees for services on appeal in any case in which the trial court had authority to award attorney fees."

Shughart acknowledges that no request was filed under Rule 7.07(b) for fees incurred during the appeal of the Florence/Rieke action. Instead, Shughart contends that Rule 7.07(b) applies only where the district court's authority to award fees is derived from a statute. Where a claim for attorney fees is based on contract, Shughart contends, Rule 7.07(b) does not apply.

To support its argument, Shughart relies on *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, 815 P.2d 550 (1991). *Evans* was an action to recover the proceeds of an accidental death policy. Plaintiff obtained a judgment against the insurer and was awarded fees by the district court pursuant to K.S.A. 40-256 (refusal to pay without just cause or excuse). Plaintiff also sought attorney fees on appeal. This court had remanded the case to the district court for a determination of attorney fees on appeal, an action which the Supreme Court disapproved.

"This is contrary to our Rule 7.07(b) . . . .

. . . .

"Civil appellate attorney fee awards are to be determined by the appellate court hearing the appeal. Motions for attorney fees incurred before the Court of Appeals should be determined by the Court of Appeals." 249 Kan. at 265.

Shughart characterizes *Evans* as a case concerned only with fees awarded pursuant to statute. Shughart infers, then, that Rule 7.07(b) does not apply when the claim for fees is based on contract.

Shughart's attempt to distinguish *Evans* is not persuasive. The mere fact that *Evans* concerned an award of fees pursuant to statute does not warrant the conclusion that Rule 7.07(b) applies only to statutory fee awards. The language of Rule 7.07(b) is clear and comprehensive. The rule encompasses "any case in which the trial court had authority to award attorney fees." The language used in the rule does not support the narrow interpretation urged by Shughart.

The few cases which have discussed Rule 7.07 emphasize that the purpose of the rule is to encourage the efficient resolution of issues surrounding costs and fees incurred on appeal. As stated in *Olsen v. Olsen*, 7 Kan. App. 2d 472, 475-76, 643 P.2d 1153 (1982), submitting the question of attorney fees incurred on appeal to the district court does not advance the orderly administration of justice:

"For a trial court to render an informed decision on the matter, it would have to study the appellate briefs, perhaps have a transcript of the oral arguments made before the appellate court, and study the appellate court's opinion or memorandum to decide whether the court rested its decision on any of the parties' arguments. The trial court would be asked to do what the appellate court is already

in the position to do at the end of the appeal. The trial court's decision would then, of course, be subject to appeal, bringing the matter back full circle."

See *Evans*, 249 Kan. at 265-66.

For these reasons, we agree with the district court that Rule 7.07(b) applies to claims for attorney fees on appeal based on contract. Shughart's request for attorney fees incurred in the prior appeal should have been submitted to this court under Rule 7.07. Because Shughart failed to comply with Rule 7.07, the district court correctly dismissed Shughart's claim for attorneys fees incurred in the prior appeal.

Shughart's second argument on appeal is that the district court erred in denying its motion for summary judgment. Shughart contends that as a matter of law it is entitled to recover the additional attorney fees incurred in the Florence/Rieke action and in initiating this action. Specifically, Shughart relies on the legal principles regarding assignment and collateral estoppel.

Shughart's argument ignores the district court's determination that any claim for additional fees in the Florence/Rieke action should have been pursued in the Florence/Rieke action. To hold otherwise would be to set in motion an "endless stream of litigation." *Summit Valley Industries, Inc. v. United Brotherhood of Carpenters & Joiners*, 456 U.S. 717, 726, 72 L. Ed. 2d 511, 102 S. Ct. 2112 (1982). Rather than signaling an end to litigation, the filing of a journal entry would operate as a license for the plaintiff to file another action for fees incurred in obtaining the preceding judgment.

We have found no Kansas cases which directly address the appropriate way to pursue a claim for attorney fees based on contract. In those cases in which a plaintiff pursued fees based on a contractual provision, however, the claim was asserted along with the other claimed breaches of contract. See *Wheat Growers Ass'n v. Rowan*, 125 Kan. 657, 266 Pac. 104 (1928); *Wheat Growers Ass'n v. Rowan*, 125 Kan. 710, 266 Pac. 101 (1928); *Oak Park Investment Co. v. Lundy's, Inc.*, 6 Kan. App. 2d 133, 626 P.2d 1236 (1981).

Other jurisdictions which have addressed the question generally permit a separate action for fees incurred in prior litigation as a

result of a tort or breach of contract only when plaintiff's expenses were incurred in prior litigation with someone other than the present defendant. See *Wichita v. Pima Co.*, 131 Ariz. 576, 643 P.2d 21 (Ct. App. 1982); *Ritter v. Ritter*, 381 Ill. 549, 555, 46 N.E.2d 41 (1943); 22 Am. Jur. 2d, Damages § 617, p. 678. See, *e.g., City of Fort Scott v. Penn Lubric Oil Co.*, 122 Kan. 369, 252 Pac. 268 (1927); see also Note, *Recovery of Attorney Fees in Kansas,* 18 Washburn L.J. 535 (1979).

Finally, Shughart's argument ignores the fact that its collateral estoppel argument applies to its claim for fees. Collateral estoppel bars relitigation in a different action of issues conclusively determined in a prior action. *Penachio v. Walker*, 207 Kan. 54, 57, 483 P.2d 1119 (1971). Collateral estoppel requires: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment. *In re Estate of Beason*, 248 Kan. 803, 813, 811 P.2d 848 (1991).

Shughart claims that the three requirements of collateral estoppel are satisfied and that Rieke and American States are therefore bound by the prior judgment. But, if Shughart is correct, it likewise is bound by the prior judgment. See *Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 710-11, 732 P.2d 741 (1987). Having asked the court to determine the amount of a reasonable attorney fee for work performed in the Florence/Rieke action, Shughart cannot now relitigate that issue.

For these reasons, we agree with the district court that Shughart's claim for additional fees incurred in the previous action should have been asserted in that previous action. Because there was no reason to initiate this separate action, Shughart was not entitled to recover fees for initiating this action.

Affirmed.