(989 P.2d 294)

No. 80,469

ROBIN B. MOORE, *Appellee*, v. ST. PAUL MERCURY INSURANCE COMPANY, *Appellant*.

Opinion filed September 24, 1999.

*Arthur S. Chalmers*, of Kahrs, Nelson, Fanning, Hite & Kellogg, L.L.P., of Wichita, for the appellant.

*Jacob S. Graybill*, of Reals & Weber, of Wichita, for the appellee.

Before LEWIS, P.J., WAHL, S.J., and ROBERT W. FAIRCHILD, District Judge, assigned.

LEWIS, J.: This is an appeal entirely about attorney fees: whether they are reasonable and whether one can recover attorney fees for litigating the amount of those fees.

Plaintiff Robin Moore had her vehicle insured with the defendant St. Paul Mercury Insurance Company. Plaintiff's vehicle was

damaged in an accident. The insurance company offered to pay the cost of repairs to plaintiff's vehicle. Plaintiff responded that she not only wanted the cost of repairs, she also wanted to be paid the loss in value sustained by her vehicle in the accident. The insurance company at first refused to pay the loss in value claim. Plaintiff's husband is an attorney and represented her throughout the litigation. Later, she hired an additional attorney to assist her husband.

The insurance company at first denied the requests of plaintiff; however, ultimately, the company conceded that it owed her for the loss of value of her vehicle and that it owed her attorney fees. At the hearing on the award of attorney fees, the trial court found that plaintiff's counsel's fee of $180 per hour was fair and reasonable and awarded plaintiff attorney fees in the amount of $6,078.50. The insurance company then filed a motion to alter and amend in which it challenged the reasonableness of the attorney fees awarded and the sufficiency of the evidence presented. After hearing this motion, the trial court made some adjustment in the attorney fees and awarded plaintiff $540 as attorney fees incurred in preparing to litigate the motion to alter and amend.

One of the issues raised by the insurance company was whether the services of plaintiff's husband were duplicative of the services of the other attorney. The trial court held they were not.

On appeal, defendant first argues that the rate and amount of attorney fees awarded in this case were unreasonable.

We do not agree.

The reasonableness of attorney fees rests within the sound discretion of the trial court, and it can draw on its own knowledge and expertise in determining a reasonable amount. On appeal, the trial court's award will not be disturbed absent a showing of abuse of discretion. If this court determines that the district court abused its discretion, it may fix such fees as it determines are reasonable. *City of Wichita v. B G Products, Inc.*, 252 Kan. 367, Syl. ¶ 4, 845 P.2d 649 (1993).

We have examined the record in this case and conclude that the trial court did not abuse its discretion in either the hourly rate awarded or the total amount awarded. We point out that it is the

trial court and not the appellate court that is the expert in awarding attorney fees at the trial court level. We do not intend to usurp the expertise of the trial court in this case. We affirm the trial court's award of attorney fees in the amount of $180 per hour and further affirm the total fees awarded prior to the award of fees on the motion to alter and amend.

There is an issue as to whether the time charged by plaintiff's husband was reasonable. It is clear that a plaintiff may employ more than one attorney as long as the total fee is reasonable for the work required. *Evans v. Provident Life & Accident Ins. Co.,* 249 Kan. 248, Syl. ¶ 8, 815 P.2d 550 (1991).

Defendant asks this court to analyze each step taken by plaintiff's husband and decide whether that step or that action was necessary in the resolution of the dispute and not duplicative. There is no record made of the initial hearing, and our review of the record made in the later hearing indicates that the services were not duplicative, and we affirm the attorney fees award made.

The next issue is more difficult. The insurance company argues that attorney fees awarded under K.S.A. 40-256 cannot include fees associated with litigating the amount of attorney fees awarded.

This involves an interpretation of a statute and is a question of law under which our review is unlimited. See *Hamilton v. State Farm Fire & Cas. Co.,* 263 Kan. 875, 879, 953 P.2d 1027 (1998).

An insured is allowed reasonable attorney fees for "services in such action." K.S.A. 40-256. Attorney fees are considered costs associated with the action. *Snodgrass v. State Farm Mut. Auto. Ins. Co.,* 246 Kan. 371, 372, 789 P.2d 211 (1990). Any litigation arising from an award of attorney fees must occur within the action or is barred by collateral estoppel. *Shughart Thomson & Kilroy, P.C. v. Max Rieke & Bros., Inc.,* 24 Kan. App. 2d 205, 209, 943 P.2d 508 (1997).

There appear to be no Kansas cases specifically on point. The insurance company cites *Snodgrass,* 246 Kan. 371, as supporting its position. However, *Snodgrass* is a case which dealt with jurisdiction only, and it is not controlling authority on the issue in question.

The Florida appellate courts have taken a position on this issue based on a similar Florida statute. In *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993), the Florida Supreme Court concluded that "[s]uch work [fee amount litigation] inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment." The purpose of the Florida statute was said to be " 'to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.' " 629 So. 2d at 833. Under the rationale expressed by the Florida Supreme Court in *Palma*, an award of attorney fees incurred while collecting or litigating the amount of other attorney fees could not be recoverable.

Plaintiff's attorney responds to this by telling this court that should we take the position urged by the insurance company, he and no other attorney will ever take a 40-256 case if they fear having to litigate the amount of their fees on their own time. We rather doubt that this would happen or that the public would be much damaged if it did. We respond to that argument by saying that the opposite is equally true, and that a plaintiff's attorney will or may litigate fees simply to increase his or her award.

We have held that "[t]he common theme running through countless cases dealing with K.S.A. 40-256 is that its purpose is to make whole an insured who is unjustifiably required to sue his own insurance company." *Barnett & Lerner, Chtd. v. Aetna Cas. & Sur. Ins. Co.*, 8 Kan. App. 2d 270, 276, 656 P.2d 165 (1982). Plaintiff in this case was made whole by the original award of judgment and the original award of attorney fees. She has very little, if any, interest in the outcome of the litigation concerning the amount and reasonableness of the fee that is to be awarded.

We hold that services of an attorney spent in litigating the amount of attorney fees to be awarded inures solely to the attorney's benefit and has no relation to services rendered in procuring either the judgment in favor of a plaintiff or the payment of that judgment. For that reason, we hold that such fees are not recoverable in this case. Accordingly, we vacate the judgment of $540

which was awarded to plaintiff and her attorneys for preparation of the motion to alter and amend. We affirm in all other respects, including the amount of attorney fees awarded by the trial court in favor of plaintiff and the judgment awarded by the trial court in favor of plaintiff.

Affirmed in part and vacated in part.