766 So.2d 302 (2000)
CITIBANK FEDERAL SAVINGS BANK, f/k/a Citicorp Savings of Florida, Appellant,
v.
Fred I. SANDEL and Rosalyn L. Sandel, his wife, Appellees.
No. 4D99-0683.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
*303 Steven Ellison of the Law Office of Broad and Cassel, West Palm Beach, for appellant.
James A. Bonfiglio, Boynton Beach, for appellees.
KLEIN, J.
Citibank appeals an order awarding attorney's fees in a federal truth-in-lending act case, 15 U.S.C. § 1601 et. seq. (TILA). Citibank raises two issues: (1) whether the lodestar number should have been reduced because of issues on which the Sandels did not prevail; and (2) whether the hourly rate was excessive. We affirm those issues without discussion but write to explain why we are granting the Sandels' motion for attorney's fees on appeal.
Citibank opposes the Sandels' motion for attorney's fees on appeal, relying on State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla.1993). In Palma, the Florida Supreme Court held, in a suit in which attorney's fees were awardable to an insured under section 627.428, Florida Statutes, that prevailing party attorney's fees are not recoverable where the only issue being litigated is the amount of attorney's fees. Our supreme court explained: "such work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment." In Palma the majority acknowledged:
We recognize that federal courts that have addressed the issue have not distinguished between entitlement to attorney's fees and the amount of attorney's fees, but instead permit fees for the entire time spent on the issue.... In awarding fees for litigating all issues relating to attorney's fees, the federal courts have noted that such awards comport with the purpose behind most statutory fee authorizations, namely to encourage attorneys to represent indigent clients.
Palma, 629 So.2d at 833. The three dissenting justices would have followed federal courts.
Because federal law controls the award of these fees authorized by 15 U.S.C. § 1640(a)(3), we are not bound by Palma.[1] At least one federal court has awarded attorney's fees for services rendered on appeal on which the only issue was the amount of fees awarded in a TILA case. McGowan v. King, Inc., 661 F.2d 48 (5th Cir.1981). We conclude that under federal law the Sandels are entitled to attorney's fees for services rendered in defending this appeal and grant their motion.
TAYLOR, J., concurs.
FARMER, J., concurs with opinion.
FARMER, J., concurring.
I agree with the majority that borrower has the right to recover appellate fees. *304 Because their right to attorney's fees in this TILA[2] case arises under federal not Florida law, we are not bound by the holding in State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993), which appears as a matter of Florida law generally to deny such fees for litigating the amount of the fees to be awarded.
If Palma did supply the rule of decision, I would find it contrary to the purpose of an attorney's fee recovery and quite inequitable to apply it in this case. For one thing, the premises on which the Palma exclusion is based are, to me, all but indefensible. The court explained its rationale for denying fees-for-fees thus:
"we do not agree with the district court below that attorney's fees may be awarded for litigating the amount of attorney's fees. The language of the statute does not support such a conclusion. Such work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment."
Palma, 629 So.2d at 833. Taking the last part of the justification first, that such work inures solely to the benefit of counsel, this simply cannot be right. It is akin to saying that all attorney's fees statutes are for the benefit of counsel, which is obviously not true. The primary purpose of all fee-shifting statutes is to benefit the client. The fact that the benefit to the client will also ultimately result in the attorney being paid is collateral and incidental to its primary purpose, which is to indemnify a party for the cost of counsel.
Moreover, the first part of the premise that fees-for-fees is in conflict with the fee-authorizing statuteis equally unsustainable. The statute in Palma, section 627.428, provided that the insured was entitled to "a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had." [emphasis supplied] It is thus a reasonable fee authorized by this statute. If the carrier disputes the reasonableness of the amount of the fees sought by the insured, that issue cannot be settled without being litigated. If it must be litigated it is perforce an issue in the case. Nothing in the statute precludes fees for litigating the amount of the authorized reasonable fee.[3]
The Palma holding on fees-for-fees appears also inconsistent with the court's related policy of flexibility in assessing fees from an adverse party. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla.1990) (principles to be used in computing fees must be flexible to enable courts to consider rare and extraordinary cases with truly special circumstances" [citing Palma!]). In this prohibition of fees-for-fees, the court has foresworn the *305 most significant possibility for such flexibility by making the client ultimately responsible for the primary cost of litigating most attorney's fee provisions.
It is undeniable that an exclusion of fees-for-fees often ends up, as the majority opinion hints, making the client pay for the dispute over that issue anyway. Unless the fee agreement specifically provides that the maximum fee due from the client for the entire representation is only what the court awards under the statute or contract and not a dime more, the client will ultimately pay the amount charged by the lawyer, less the sum awarded by the court under the statute. Making the client actually pay for litigating any part of the fees-for-fees issue, rather than the adverse party, hardly effectuates the statutory or contractual policy embodied in the provision for the adverse party to pay the client's legal fees.
The real problem with any comprehensive Palma preclusionif indeed it is categorical is therefore its failure to address how it comports with either the text or legislative purpose in its fee-authorizing statute, much less when a fee agreement between client and counsel makes the client pay for litigating the amount of fees. The more justifiable holding, if indeed any limitation is justifiable at all, might be that fees-for-fees should be denied whenbut only whenthe client will not ultimately have to pay the lawyer for the effort anyway. I therefore hope the supreme court will one day rewrite, if not eliminate, this Palma dictum.
NOTES
[1] The Sandels' counsel suggests that the rationale underlying our supreme court's decision in Palma, that attorney's time spent litigating the amount of attorney's fees inures "solely to the attorney's benefit," Palma, 629 So.2d at 833, is questionable. He uses as an example this case, in which the trial court compensated him for seventy hours work for his efforts in the trial court. If he spent thirty hours defending this appeal and were not compensated under the rationale of Palma, he would not be paid for handling the appeal. He would then have a total of 100 hours in the case, but would only be compensated for seventy hours. This effectively reduces the hourly rate used by the trial court by thirty percent, and will make it more difficult for those in need of counsel to find representation. We think his point is well taken. See also Marguerite H. Davis & James C. Hauser, A Plea for Uniformity, 64 Fla.B.J., Apr. 1990, 33 (advancing the position that Florida should follow the federal courts and allow recovery of fees for litigating both issues of entitlement and amount of attorney's fees).
[2] See 15 U.S.C. § 1640(a)(3) ("in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, [the creditor is liable to the borrower for] the costs of the action, together with a reasonable attorney's fee as determined by the court."). [emphasis supplied]
[3] There is some indication that Palma may not actually be a broad, general exclusion of fees-for-fees. See Palma, 629 So.2d at 832 ("Thus, if an insurer loses such a suit but contests the insured's entitlement to attorney's fees, this is still a claim under the policy and within the scope of section 627.428. [emphasis supplied] Because such services are rendered in procuring full payment of the judgment, the insured does have an interest in the fee recovered."); Zepeda v. Klein, 698 So.2d 329, 330 (Fla. 4th DCA 1997) ("This holding is significant, since, arguably, awarding fees for contesting the amount of fees would have also been consistent with the statutory purpose of discouraging a type of litigation."); and Eisman v. Ross, 664 So.2d 1128 (Fla. 3d DCA 1995) (reversing that portion of an award representing "attorney's time spent litigating amount of fees because there is no statutory basis for the same" under § 57.105); see also James C. Hauser & Scott D. Makar, "Litigating the Amount of Attorneys' Fees: A Proposal for Reform," 73 FLA. B.J. 16, 17 (Oct. 1999).