No. 80,469

ROBIN B. MOORE, *Appellee*, v. ST. PAUL FIRE MERCURY INSURANCE COMPANY, *Appellant*.

(3 P.3d 81)

Opinion filed June 2, 2000.

*Arthur S. Chalmers*, of Hite, Fanning & Honeyman, L.L.P., of Wichita, argued the cause and was on the briefs for appellant.

*Jacob S. Graybill*, Reals & Weber, of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The district court held that where the insurer and its insured settled all issues except the amount of attorney fees to be awarded to the insured pursuant to K.S.A. 40-256, the statute also provides for additional attorney fees to be awarded to the insured for litigating that issue. The insurer appealed. The Court of Appeals, after finding the amount of attorney fees awarded by the district court were reasonable, then determined that the fees in-

curred by the insured for litigating only the amount of attorney fees to be awarded under the statute were not recoverable and reversed the district court on that issue. The insured's petition for review was granted.

Robin B. Moore's automobile was damaged in a collision. Her insurance company, St. Paul Mercury Insurance Company (St. Paul), paid for repairs to the vehicle but refused to pay its diminished market value due to prior damage. Moore filed an action in Sedgwick County District Court against her automobile insurance carrier demanding payment of $2,500 for the diminished market value of the automobile, interest, and attorney fees under K.S.A. 40-256.

St. Paul's answer admitted that it owed Moore $2,500 for the loss of value claim and paid that sum to the court to satisfy the insured's claim. St. Paul stated there remained issues as to interest due and the insured's claim for attorney fees. The following day, St. Paul filed an amended answer admitting liability for attorney fees and interest. St. Paul stated that the sole remaining issue to be determined was the amount of reasonable attorney fees to be assessed pursuant to K.S.A. 40-256. St. Paul offered judgment in the amount of $2,605.48 plus court costs. St. Paul's offer as to damages was accepted by Moore and filed with the district court.

Moore then filed a motion requesting the district court to assess attorney fees allowed by K.S.A. 40-256. After a hearing on that motion, the district court awarded Moore $6,078.50 for attorney fees. St. Paul filed a motion contesting the amount awarded by the judge for attorney fees. The district court denied St. Paul's motion and awarded Moore additional attorney fees of $540 for services rendered by her attorneys in responding to St. Paul's motion contesting the amount awarded for attorney fees.

St. Paul appealed the amounts awarded as attorney fees to the Kansas Court of Appeals. *Moore v. St. Paul Mercury Insurance Co.* 26 Kan. App. 2d 506, 509, 989 P.2d 294 (1999). The Court of Appeals held the $6,078.50 awarded by the district court for attorney fees was reasonable. It then held that attorney fees awarded pursuant to K.S.A. 40-256 could not include the $540 awarded as

fees associated with litigating the amount of fees in the underlying action. Moore's petition for review was accepted.

## STANDARD OF REVIEW

K.S.A. 40-256 provides, in part:

"That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . , if it appear from the evidence that such company, society or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as part of the costs."

The Court of Appeals based its decision on a Florida case, *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830 (Fla. 1993). Resolution of the question presented requires the interpretation of a statute. Interpretation of a statute is a question of law, and our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

In *Palma*, the insured sought payment for a medical procedure from her insurer. The trial court rejected the insured's petition for relief. The decision was appealed to the intermediate appellate court which reversed the trial court and remanded for the trial court to determine the amount of attorney fees to be awarded under the Florida statute which allows " 'a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.' " 629 So. 2d at 832. The trial court awarded a judgment for the cost of the medical procedure and fees for the insured's attorney services in the trial court and the intermediate appellate court. The insurer appealed the amounts awarded as attorney fees to the intermediate appellate court. The amounts of attorney fees awarded were affirmed by the intermediate appellate court. The insured was awarded additional fees for litigating the appeal by the intermediate appellate court. The issue appealed to the Florida Supreme Court was whether the plaintiff/insured was entitled to additional attorney fees for attorney services in defense of the insurer's appeals of attorney fee calculations. 629 So. 2d at 831.

The Florida Supreme Court analyzed the statute which provided for awards of attorney fees to insureds who successfully sue their insurance companies. The court held:

"Thus, if an insurer loses such a suit but contests the insured's entitlement to attorney's fees, this is still a claim under the policy and within the scope of section 627.428. Because such services are rendered in procuring full payment of the judgment, the insured does have an interest in the fee recovered. Accordingly, we hold that attorney's fees may properly be awarded . . . for litigating the issue of entitlement to attorney's fees.

"However, we do not agree with the district court below that attorney's fees may be awarded for litigating the amount of attorney's fees. The language of the statute does not support such a conclusion. Such work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment." 629 So. 2d at 832-33.

Moore asserts the Court of Appeals' adoption of the Florida rationale in *Palma* should not be accepted as precedent because (1) the Florida Supreme Court was deeply divided on the issue, (2) that decision is followed by a long line of conflicting Florida opinions on the issue, and (3) the Florida court, in interpreting the Florida statute, departed from well-established federal case law based on federal fee shifting statutes similar to Kansas statutes.

*Palma* was a 4 to 3 decision. The dissenting opinion by Justice Kogan reasoned:

"I cannot agree that attorneys fees are unavailable for litigating the amount of those fees even though, as the majority concedes, fees may be awarded for litigating the entitlement to the fees. In actual practice, the two issues are inextricable, and I believe the majority is expecting the legislature to draft legislation with a distinction far more fine than we have required in other contexts. The purpose of the attorneys fees legislation is to make legal representation more widely available to those who need it. The federal courts have recognized this and have adopted a rule in harmony with what I am advocating here. I would adhere to the federal view as a matter of state law. There is no sound reason in policy or in statutory construction to depart from the view used by the largest court system in this nation." 629 So. 2d at 834.

We note that the Florida judiciary has continued to express doubts as to *Palma*. In *Citibank Federal Savings Bank v. Sandel*, 766 So. 2d 302 (Fla. App. 2000), a majority of the court summarily affirmed an order awarding attorney fees in a federal truth-in-lending act case filed in state court. Contrary to *Palma*, the Florida Supreme Court

awarded attorney fees to the plaintiff for the attorney work on the appeal. The court explained that *Palma* did not control because the action was based on federal law which entitled the plaintiff to attorney fees for services rendered in litigating the amount of attorney fees. 766 So. 2d at 303.

Three judges concurred with the majority opinion in *Sandel*. One concurring justice, Justice Farmer, strongly criticized *Palma*, stating:

"If *Palma* did supply the rule of decision, I would find it contrary to the purpose of an attorney's fee recovery and quite inequitable to apply it in this case. For one thing, the premises on which the *Palma* exclusion is based are, to me, all but indefensible. The [*Palma*] court explained its rationale for denying fees-for-fees thus:

'We do not agree with the district court below that attorney's fees may be awarded for litigating the amount of attorney's fees. The language of the statute does not support such a conclusion. Such work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment.' *Palma*, 629 So. 2d at 833.

"Taking the last part of the justification first, that such work inures solely to the benefit of counsel, this simply cannot be right. It is akin to saying that all attorney's fees statutes are for the benefit of counsel, which is obviously not true. The primary purpose of all fee-shifting statutes is to benefit the client. The fact that the benefit to the client will also ultimately result in the attorney being paid is collateral and incidental to its primary purpose, which is to indemnify a party for the cost of counsel.

"Moreover, the first part of the premise—that fees-for-fees is in conflict with the fee-authorizing statute—is equally unsustainable. The statute in *Palma*, section 627.428, provided that the insured was entitled to 'a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.' It is thus a reasonable fee authorized by this statute. If the carrier disputes the reasonableness of the amount of the fees sought by the insured, that issue cannot be settled without being litigated. If it must be litigated it is perforce an issue in the case. Nothing in the statute precludes fees for litigating the amount of the authorized reasonable fee." 766 So. 2d at 304.

Others have also commented that *Palma* lacks persuasive value because it follows a lengthy history of conflicting decisions on the matter in the Florida courts. See Marguerite H. Davis and Judge James C. Hauser, *A Plea for Uniformity*, 64 Fla. B.J. 33 (Apr. 1990).

In reaching its decision here, the Court of Appeals concluded that an award of attorney fees for litigating the amount of attorney

fees is not authorized by K.S.A. 40-256 because "the amount of attorney fees to be awarded inures solely to the attorney's benefit and has no relation to services rendered in procuring either the judgment in favor of a plaintiff or the payment of that judgment." *Moore*, 26 Kan. App. 2d at 509. The Court of Appeals' language is taken from *Palma* and originates from "common fund cases." See 629 So. 2d at 833.

The common fund doctrine provides the basis for awarding attorney fees in class actions. The rationale for awarding attorney fees out of a common fund is that the attorney's services benefit the fund by creating, increasing, or preserving the fund. An attorney's time expended in connection with the fee application or a fee appeal does not benefit the fund; therefore, it does not benefit the plaintiff class. In fact, at that point the attorney's interest becomes adverse to the interest of the class which the attorney represents. To award attorney fees for services which do not benefit the fund does not comport with the policy of the common fund doctrine. *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978).

On the other hand, in statutorily authorized fee cases, the rationale for prohibiting fees acquired in litigating the amount of fees does not apply. Unlike in common fund cases, there is no potential or actual conflict of interest between counsel seeking attorney fees and the individuals they represent, since payments are by the defendant and will not adversely affect the client's recovery. *Gagne*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd* 448 U.S. 122, 65 L. Ed. 2d 653, 100 S. Ct. 2570 (1980). Therefore, in statutorily authorized fee cases an award of fees for litigating the amount of fees does not inure solely to the attorney's benefit.

Finally, *Palma* is contrary to federal decisions which allow the award of attorney fees for litigating the entitlement to and amount of attorney fees. In reaching its conclusion the *Palma* court stated:

"We recognize that the federal courts that have addressed the issue have not distinguished between entitlement to attorney's fees and the amount of attorney's fees, but instead permit fees for the entire time spent on the issue. [Citation omitted.] In awarding fees for litigating all issues relating to attorney's fees, the federal courts have noted that such awards comport with the purpose behind most

statutory fee authorizations, namely to encourage attorneys to represent indigent clients. [Citation omitted.]" 629 So. 2d at 833.

To support her argument that the rationale of the federal courts should be adopted, Moore cites *Gagne v. Maher*, 594 F.2d 336; *Prandini v. National Tea Co.*, 585 F.2d 47; *Massachusetts Fair Share v. O'Keefe*, 476 F. Supp. 294 (D. Mass. 1979); and *Lackey v. Bolling*, 476 F. Supp. 1111 (N. D. Ill. 1979).

The cases cited are federal civil rights cases where attorney fees are authorized pursuant to 42 U.S.C. § 1988 (1994). Section 1988(b) provides, in part:

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, . . . [or] title VI of the Civil Rights Act of 1964, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

There are well over 200 federal fee statute provisions. The largest growth in fee-shifting statutes has been in the civil rights field. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.2 (1998). The United States Supreme Court has held that attorney fee award provisions in civil rights actions are sufficiently similar so that decisions interpreting one are applicable to all. See *Flight Attendants v. Zipes*, 491 U.S. 754, 759, 105 L. Ed. 2d 639, 109 S. Ct. 2732 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433, n. 7, 76 L. Ed 2d 40, 103 S. Ct. 1933 (1983).

The *Gagne* circuit court observed that the issue of whether plaintiff's attorneys can recover fees for services performed in connection with the fee application was an issue of first impression for the Second Circuit. The court noted that the issue had arisen in the First Circuit and the Third Circuit, and both those circuits had ruled that such time was compensable. *Gagne*, 594 F.2d at 343. The court found there were "strong reasons" for adopting the approach of the First and Third Circuits. Referring to *Prandini*, 585 F.2d at 53, from the Third Circuit, the *Gagne* circuit court stated:

"If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased . . . . Such a result would not comport with the purpose behind most statutory fee authorizations, viz, the en-

couragement of attorneys to present indigent clients and to act as private attorneys
general in vindicating congressional policies." 594 F.2d at 344.

The *Gagne* circuit court held, therefore, that the time reasonably
spent by the plaintiff's attorneys in establishing their fee was com-
pensable. 594 F.2d at 344.

In *Massachusetts Fair Share*, the plaintiff brought suit under 42
U.S.C. § 1983 (1994) to restrain the defendants from refusing to
issue a raffle and bazaar permit. After a hearing on the merits, the
judge concluded that the plaintiff was a charitable organization
within the ordinance authorizing the requested permit and issued
a temporary restraining order allowing the plaintiff to hold its event
as planned. Following completion of discovery, the parties nego-
tiated a consent decree, and the plaintiff agreed to a dismissal with-
out prejudice. Regarding attorney fees, the defendants argued that
the plaintiff should not receive all the fees it had requested. The
court found for the plaintiff on the attorney fee issues.

In determining the amount of fees to be awarded, the *Massa-
chusetts Fair Share* court found that counsel was entitled to com-
pensation for work performed in litigating the issue of fees. The
court stated:

"It is true that the total time spent on this phase of the case exceeds one-half of
the total time devoted to the merits of the case itself. However, most of counsel's
work was necessitated by defendants' opposition to the fee application and by
defendants' request for a hearing before us. Defendants' choice to contest this
motion more vigorously than the issues in the underlying case should not now
lead to a reduced fee award for plaintiffs." 476 F. Supp. 299.

The Court of Appeals decided not to follow the federal cases
interpreting 42 U.S.C. § 1988 (1994) and determined that fees
incurred in litigating only the amount of attorney fees to be
awarded are not recoverable under K.S.A. 40-256. We disagree
with that determination. There is little difference in the wording
and purpose of K.S.A. 40-256 and 42 U.S.C. § 1988. We find the
federal reasoning on the issue applicable and persuasive.

The primary purpose of the Kansas fee-shifting statute is to ben-
efit the insured. Fees incurred litigating the amount of attorney
fees to be awarded are recoverable under K.S.A. 40-256. The fact
that the award of such fee ultimately results in the insured's attor-

ney being paid to litigate the fee is collateral and incidental to the primary purpose of indemnifying an insured for the cost of counsel in an action against the insurer.

The district court's award of attorney fees is affirmed. The Court of Appeals determination that attorney fees for litigating the amount of fees to be awarded is not authorized by K.S.A. 40-256 is reversed.