ON THE RECEIVER’S MOTION TO CONFIRM DISMISSAL
PER CURIAM.
The issue presented is whether the filing of a notice of joinder within the time limit set forth in Florida Rule of Appellate Procedure 9.360 is jurisdictional. Under the facts of this case, we determine that it is not, and that dismissal of the appeal of the party fifing that notice is not otherwise appropriate.
In this receivership matter, the trial court rendered an order of assessment on June 7, 2000. A timely notice of appeal was filed by Super Transport and other assessees on July 3, 2000. Super Transport filed an amended notice of appeal on July 14, 2000, serving additional parties, including Great American. Meanwhile, on July 10, Great American and other asses-sees filed a notice of appeal, but later Great American dismissed its appeal. On July 21, Great American filed a notice of joinder in Super Transport’s appeal.
When Super Transport filed its initial brief, Great American was also fisted as an appellant. The Receiver filed a motion to confirm the dismissal of Great American as an appellant, arguing that Great American dismissed its own appeal and that its notice of joinder in Super Transport’s appeal was untimely because it was filed on July 21, more than 10 days after the July 3 original notice of appeal. Great American asserted that because Super Transport did hot serve it with a copy of the original notice of appeal, the 10 day time period provided for joinder in rule 9.360 did not begin to run until the amended notice of appeal was filed on July 14, therefore its notice of joinder filed July 21 was timely.
Westfield Ins. Co. v. Sloan, 671 So.2d 881 (Fla. 5th DCA 1996), holds that a party which is subject to a final judgment can be added as an appellant to a notice of appeal by an amended notice after the time for fifing has run. As in cases involving an untimely cross-appeal, the test applied in Westfield is whether the opposing *592 party can show it was substantially prejudiced by the delay, but the delay in filing is not considered jurisdictional. We apply the same rule in the context of notices of joinder under rule 9.360, and because no demonstration of prejudice has been made by the Receiver, its motion to confirm dismissal is denied.
ERVIN, MINER and KAHN, JJ., concur.