LaROSE, Judge.
LeRoy H. Merkle, Jr., appeals an order denying his petition for attorney’s fees and costs in a guardianship matter. We have jurisdiction. Fla. R.App. P. 9.080(b)(1)(A). The trial court applied the incorrect law. Accordingly, we must reverse.
Mr. Merkle represented the guardian of the ward, K.R.C. The guardian discharged Mr. Merkle as counsel and retained another law firm. Mr. Merkle then filed a petition for attorney’s fees related to his representation. The guardian objected. She argued that Mr. Merkle billed for administrative tasks. She also argued that the guardian could have performed these tasks at no cost to the ward. The trial court granted the petition but awarded fees for a lesser amount than requested.
Thereafter, Mr. Merkle filed a second petition for attorney’s fees and costs. The guardian again objected, arguing that Mr. Merkle billed for administrative tasks that did not benefit the ward. After an eviden-tiary hearing, the trial court ruled that Mr. Merkle was not entitled to fees and costs incurred postrepresentation for administrative tasks and follow-up relating to the prior fee order. The trial court relied on Zepeda v. Klein, 698 So.2d 329 (Fla. 4th DCA 1997), which held that an attorney was not entitled to recover fees for time spent in collecting fees from the ward or the ward’s heirs because that work did not inure to the ward’s benefit and was not statutorily authorized. Id. at 330. In effect, the trial court ruled that Mr. Merkle could not recover fees for performing administrative tasks involved in litigating for fees. The trial court declined to address whether the second petition sought a reasonable fee award. We express no view on that issue.
We hold, however, that section 744.108(8), Florida Statutes (2010), first adopted in 2003, supersedes Zepeda and authorizes such fees that are not substantially unreasonable:
When court proceedings are instituted to review or determine a guardian’s or an attorney’s fees under subsection (2),[1] such proceedings are part of the guard *934 ianship administration process and the costs, including fees for the guardian’s attorney, shall be determined by the court and paid from the assets of the guardianship estate unless the court finds the requested compensation under subsection (2) to be substantially unreasonable.
The trial court erred in relying on Zepe-da to deny Mr. Merkle’s second petition for attorney’s fees. We reverse and remand for further proceedings in accordance with section 744.108.
Reversed and remanded.
SILBERMAN, C.J., and MORRIS, J., Concur.

1. § 744.108(2)(a)-(i) provides the criteria the trial court shall consider when determining fees for a guardian or an attorney.